UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

**HENRIK OVESEN**,

    Plaintiff,
vs.

**SCANDINAVIAN BOILER SERVICE, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss the Complaint (the "Motion") [ECF No 9], filed on July 12, 2011. The Court has carefully considered the Motion, the Response [ECF No. 12], and applicable law.

### I. FACTUAL BACKGROUND

In 2008, Plaintiff, Henrik Ovesen, entered an Agreement of Employment (the "Employment Agreement") [ECF No 1-1] with Scandinavian Boiler Services, Inc. ("Scandinavian"). Scandinavian is "in the business of providing a full-range of service, repair, spare parts and technology solutions to boiler heating systems on marine vessels." (Compl. ¶ 8 [ECF No. 1]). Under the Employment Agreement, Ovesen, a citizen of Denmark, was to move to the Houston, Texas area (*see id.* ¶ 10) to be the "Branch Manager Houston" of Scandinavian (Agreement 1). While employed in this position, Ovesen drew on his "27 years of experience repairing and maintaining the heating systems for the boilers on ocean going vessels." (Compl. ¶ 7). In particular, he "travel[ed] extensively to install, repair and maintain marine heating systems on vessels in the United States and in many other parts

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

of the world" (*id*. ¶ 11), and "when not on vessels repairing and maintaining marine heating and boiler systems, [Ovesen] worked at [Scandinavian's] office near Houston, Texas, selling parts, consulting with customers, and performing other duties" (*id*. ¶ 12).

On May 6, 2010, Defendant, Jan R. Givskov, notified Ovesen that his Employment Agreement would be terminated as of May 31, 2010. (*See id*. ¶ 14). The Employment Agreement provided that if Ovesen were discharged after the first two years of employment, he would receive three months' compensation. (*See id.* ¶ 17). About a month later, in late June or early July, the former president of Scandinavian, Ken Nielsen, was replaced by Givskov. (*See id*. ¶ 13). Even after he was terminated, Ovesen remained available to work for Scandinavian until the expiration date of the Employment Agreement on August 31, 2010. (*See id.* ¶ 15). Plaintiff was only paid his regular salary of $9,800 per month through the May 31, 2010 termination. (*See id.* ¶¶ 15, 28). Ovesen did not receive three months' compensation after his termination, and he never received any overtime pay despite working more than 40 hours per week during almost every week he worked for Scandinavian. (*See id*. ¶¶ 17, 29).

After laying out the facts, Ovesen alleges two claims. First, he alleges that Scandinavian breached the Employment Agreement "by not providing for three months compensation upon discharge and/or notice of cancellation of the Employment Agreement." (*Id.* ¶ 17). Second, Ovesen alleges a Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., claim for non-payment of overtime wages because he worked more than 40 hours every week "but was not paid time and one-half for all hours worked in excess of forty during a work week." (*Id.* ¶ 29).

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  But pleadings that "are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal*, 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").

3

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

## III.  ANALYSIS

Defendants move to dismiss Ovesen's FLSA claim on the ground that Ovesen is an exempt employee under the FLSA and thus not protected by its overtime pay provisions.  (*See* Mot. 3–6). Defendants also seek to dismiss Ovesen's breach-of-contract claim based on a forum-selection clause in that contract requiring that "any action brought by any party against another party in connection with any rights or obligations arising out of this Agreement shall be commenced in the County or Circuit court of the jurisdiction in which Scandinavian . . . maintain[sic] it's [sic] principal office in Florida." (Empl. Agreement 4; *see also* Mot. 6–7).  These two arguments are addressed in turn.

### A.    FLSA Executive Exemption

The FLSA provides that employers must compensate employees at a rate of one and one half times their regular rate of pay for each hour worked in excess of 40 hours per week.  *See* 29 U.S.C. § 207(a).  However, "any employee employed in a bona fide executive . . . capacity" need not receive overtime compensation in accordance with the requirements of section 207(a).  29 U.S.C. § 213(a)(1).  Defendants allege that Ovesen is a bona-fide executive under the FLSA and thus not entitled to overtime pay.

The Department of Labor's FLSA implementing regulations guide the Court's analysis.  *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1298–99 (S.D. Fla. 2006) (Altonaga, J).  Pursuant to the relevant regulations, whether an employee has executive status is determined under either the "short test" or the "long test," depending upon the employee's salary.  *Id.* at 1299 (citing *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997)).  If an employee earns a weekly

4

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

salary of $455 or more, the "short test" applies.[1] *Id.* (applying prior $250 weekly salary requirement) (citing *Wagner v. Murphy Oil USA, Inc.*, 139 F. App'x. 131, 132 (11th Cir. 2005); *see also Waugh v. Greenblades of Cent. Fla., Inc.*, No. 5:06-cv-89-Oc-10GRJ, 2007 WL 2071382, at *3 (M.D. Fla. July 13, 2007) (applying $455 weekly salary requirement)). Under the "short test,"

> The term employee employed in a bona fide executive . . . capacity in section 13(a)(1) of the Act shall mean any employee:
>
> > (a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and
> >
> > (b) Who customarily and regularly directs the work of two or more other employees therein; . . . .

29 C.F.R. § 541.100. "The employer has the burden of establishing that it is entitled to the exemption, which the Court must construe narrowly." *See Waugh,* 2007 WL 2071382, at *3 (citing *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001); *Avery v. City of Talladega*, 24 F.3d 1337, 1340 (11th Cir. 1994)); *see also Posely*, 433 F. Supp. 2d at 1299.

To establish that Ovesen is exempt, Defendants point to language in the Employment Agreement which reads:

> Scandinavian . . . hereby employs . . . Henrik Ovesen, whose job title shall be Branch Manager Houston.
>
> The primary responsibilities and field of activity will be all service activities and inspection within the business area of Scandinavian Boiler Service, Inc.

(Employment Agreement 1). Defendants contend this job description shows that Ovesen's "primary duty consists of the management of the enterprise" because it "confirms that Plaintiff was indeed

---

[1] The parties do not dispute that Ovesen was paid more than $455. (*See* Employment Agreement 1; Compl. ¶ 28).

5

performing job functions, such as inspections, which implicitly require the use of discretion and independent judgment [in a managerial capacity]." (Mot. 5). Even if the Court agreed that these provisions established that Ovesen's primary duty was managerial, the executive exemption under section 541.100 would also require that Ovesen "customarily and regularly direct[] the work of two or more other employees." 29 C.F.R. § 541.100. Defendants do not address this requirement in their Motion, and so do not meet their burden to show the exemption applies.[2] Indeed, the Complaint actually alleges "[Ovesen] was usually the only employee at [the Houston] location" (Compl. ¶ 12), which, taken as true, suggests Ovesen did not regularly supervise two or more employees. Accordingly, the Complaint does not establish that the executive exemption to the FLSA overtime provisions applies, and Ovesen may state a claim for overtime wages under the FLSA.[3]

### B.    Forum-Selection Clause

Defendants contend "the purported Employment Agreement contains a forum selection clause, whereby a suit for breach of contract is to be brought in the state circuit court in Florida where Defendants maintain their principal place of business." (Mot. 6). In response, Plaintiff does not challenge the enforceability of the forum-selection clause or argue that enforcing it would be unfair or unreasonable under the circumstances. (*See* Resp. 5–6). Instead, Plaintiff attaches an affidavit of Defendant Givskov, Scandinavian's current president, which states that "[t]he

---

[2] Defendants seem to contend that *Iqbal* and *Twombly* require that Plaintiff plead factual detail proving he is not exempted. (*See* Mot. 5-6). This an improper attempt by Defendants to shift their burden to prove the executive exemption applies onto Plaintiff. Defendants' citations of pre-*Iqbal* and *Twombly* summary judgment (not motion to dismiss) cases to support their point does not help their argument.

[3] Defendants argue that if the Court dismisses the FLSA claim, then it should not exercise supplemental jurisdiction over the breach-of-contract claim. (*See* Mot. 6). Because the Court is permitting the FLSA claim to continue, the supplemental-jurisdiction argument need not be addressed.

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

employment contract was never signed by Mr. Ovesen or the company." (Givskov Aff. 1 [ECF No. 12-1]). Plaintiff argues "[i]f that is the [D]efendants' position, the they shouldn't have the benefit of the forum selection clause in an agreement they do not assert to be enforceable." (Resp. 6).

The Giskov Affidavit is outside of the pleadings and cannot be considered on a motion to dismiss. *See Caravello v. Am. Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) ("In deciding a motion to dismiss, a court may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment."); *see also Rodriguez v. Holder*, No. 10–24108–CIV, 2011 WL 2911927, at *3 n.9 (S.D. Fla. Mar. 9, 2011). In the Complaint, Plaintiff asserts the Employment Agreement is valid, and at the motion to dismiss stage, the Court must take that assertion as true. Because Plaintiff alleges the Employment Agreement is valid and enforceable and does not dispute the effect of the forum-selection clause, the forum-selection clause must be applied to the breach of contract claim. Accordingly, the breach of contract claim is dismissed without prejudice.[4]

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss the Complaint **[ECF No. 9]** is **GRANTED in part** and **DENIED in part**.

2. Count I of the Complaint is **DISMISSED without prejudice** to it being refiled in

---

[4] Although Plaintiff may proceed on his FLSA claim in federal court and his breach of contract claim in state court, by doing so he may create *res judicata* or claim preclusion problems for himself should one of the cases proceed more quickly to resolution than the other. While Plaintiff cannot bring both claims in federal court due to the forum-selection clause requiring the breach of contract claim be brought in state court, Plaintiff may assert the FLSA along with the breach of contract claim in state court.

CASE NO. 11-61300-CIV-ALTONAGA/Simonton

accordance with the forum-selection clause in the Employment Agreement.

3. Defendant shall file an answer to Count II of the Complaint no later than August 15, 2011.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record